FILED
2008 Apr-16 PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA,
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ESTELLA BYRD; et al.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: CV-08-RRA-0511-S** |
| | ) | |
| **AMERIQUEST MORTGAGE** | ) | |
| **COMPANY, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## JOINT NOTICE OF STAY AND JOINT MOTION FOR STAY OF ALL PROCEEDINGS

---

All Plaintiffs and all Defendants jointly move this Honorable Court to stay the implementation and enforcement of the Federal Rules of Civil Procedure in the above styled cause of action on the following grounds:

1.      On or about March 27, 2008, the Plaintiffs filed a Notice of Potential Tag-Along Action with the Judicial Panel on Multidistrict Litigation which will conditionally transfer this case to the Northern District of Illinois for consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407.  A copy of the Notice of Potential Tag-Along Action is attached herewith as Exhibit 1.

2.      On or about April 1, 2008, the Defendants filed a Notice of Related Actions with the Judicial Panel on Multidistrict Litigation in Northern District of Illinois, MDL Docket No. 1715.  A copy of the Notice of Related Actions is attached herewith as Exhibit 2.

3.    Good cause exists to grant this Motion to Stay Proceedings because the central issues in this case are identical to the central issues in many of the cases already transferred to MDL 1715.

4.    Good cause further exists because staying this action pending the MDL Panel's decision will preserve judicial resources and avoid any prejudice to Defendants.

5.    The parties expect a transfer order to be entered in the near future.

6.    This lawsuit is in its infancy and a temporary stay order will not prejudice any of the parties. To the contrary, the parties may be prejudiced if forced to spend resources in the instant action and the MDL Panel later transfers the matter to MDL 1715. Proceeding in this lawsuit will also waste judicial resources if the MDL Panel later transfers the lawsuit.

7.    This Motion is based on this Notice, the attached documents, and the complete files and records in this action.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs and Defendants jointly move the court to stay enforcement of the applicable Federal and local rules pending the final transfer order and for such other relief as may be appropriate.

Respectfully submitted this the 16th day of April, 2008.

/s/ Robin L. Beardsley
Kerry P. McInerney (MCI015)
Robin L. Beardsley (BEA066)
Attorneys for Defendants


**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:    (205) 930-5100
Fax:    (205) 930-5335

**CERTIFICATE OF SERVICE**

        I hereby certify that on the 16th day of April 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        William H. Robertson, V, Esq.
        C. Lance Gould, Esq.
        Beasley, Allen, Crow, Methvin
        Portis & Miles, P.C.
        Post Office Box 4160
        Montgomery, Alabama 36130-4160

                             /s/ Robin Beardsley
                             Of Counsel

FILED
2008 Apr-16 PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# 1

## BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

In re: AMERIQUEST MORTGAGE CO.  )
MORTGAGE LENDING PRACTICES  )
LITIGATION  )          MDL Docket No. 1715
  )

**PLEASE STAMP AND RETURN**

### NOTICE OF POTENTIAL TAG-ALONG ACTION

PLEASE TAKE NOTICE that, pursuant to J.P.M.L. Rules 7.2(i) and 7.5(e), the undersigned counsel for the Plaintiffs gives notice of the following tag-along actions: *Estella Byrd, et al. v. Ameriquest Mortgage Company, Inc.*, Case No. 2:08-cv-00511-RRA (Northern District of Alabama, Southern Division) Judge Robert R. Armstrong, Jr., presiding. A true and correct copy of the complaint in the Tag-along Action is attached as Exhibit A.

Plaintiffs in this Tag-along Action are plaintiffs in the putative national class actions transferred by the Panel to the Northern District of Illinois for consolidated and coordinated pretrial proceedings (the "Borrowers' Consolidated Class"). This Tag-along Action alleges the same general conduct, claim the same injury and see the same relief as the Borrowers' Consolidated Class Action. Likewise, this Tag-along Action relies upon the same legal theories, require the same or similar factual determinations, and are governed by the same law.

Therefore, the Plaintiffs respectfully request that the Panel transfer this Tag-along Action to the Northern District of Illinois pursuant to J.P.M.L. Rule 7.4.

Respectfully submitted this 26th day of March, 2008.

_____
WILLIAM H. ROBERTSON, V

_____
C. LANCE GOULD
Attorneys for Plaintiffs


**OF COUNSEL:**

**BEASLEY, ALLEN, CROW, METHVIN,**
**PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
bill.robertson@beasleyallen.com
lance.gould@beasleyallen.com

2

FILED
2008 Mar-25 AM 10:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

ESTELLA BYRD; EDWARD and BARBARA          )
ABRAMS; KEVIN and DEBBIE GENRY;           )
JESSIE and ANNIE WILLIAMS; CECIL          )
ABERNATHY; HOLLAND COX, III; RENA         )
JACKSON; JAMEY and KIMBERLY               )
WATKINS; GEORGE TROTTER; and              )
DOROTHY HOLLOWAY;                         )
                                          )
      Plaintiffs,                   )
                                          )
v.                                        ) CASE NUMBER:
                                          )
AMERIQUEST MORTGAGE COMPANY,              )
INC.; AMC MORTGAGE SERVICES, INC.;        )
ACC CAPITAL HOLDINGS CORPORATION;         )
and CITI RESIDENTIAL LENDING, INC.;       )
                                          )
      Defendants.                   )

---

## COMPLAINT

---

**COME NOW** the Plaintiffs and as their Complaint against the defendants aver as

follows:

### INTRODUCTION

1.     This suit is brought by a number of consumers residing in this district who

entered into mortgage loans with one of the defendants, Ameriquest Mortgage Company

("Ameriquest"). Some of these loans were subsequently assigned to the other

Defendants. Each of the Plaintiffs asserts claims against Defendant Ameriquest arising

under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of the

Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the

same legal theories, require application of the same legal principals and require the same



EXHIBIT
A

or similar factual determinations. Each of the Plaintiffs alleges that Ameriquest, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA. Specifically, Ameriquest failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, Plaintiffs have retained the right to cancel the transactions. Each Plaintiff has exercised that right by delivering written notice of an election to cancel in accordance with the requirements of TILA. As to each of the Plaintiffs, Ameriquest and/or other defendants have wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. Plaintiffs seek a court determination that their loan transactions have been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## JURISDICTION

2.      This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

## THE PARTIES

3.      Plaintiffs are all of full age of majority and reside in this district.

4.      Defendant Ameriquest Mortgage Company ("Ameriquest") is a foreign corporation with its principal place of business in Orange, California. At all relevant times, Ameriquest was engaged in the making and/or selling of federally related residential mortgage loans. Ameriquest does business in this district by making, holding and/or selling loans secured by residential real property within this district.

5.     Defendant AMC Mortgage Services, Inc. ("AMC") is a foreign corporation with its principal place of business in California. It is a wholly-owned subsidiary of ACC Capital Holdings Corporation. AMC Mortgage Services, Inc. at one point serviced some or all of the Plaintiffs' mortgages that were originated by Ameriquest.

6.     Defendant ACC Capital Holdings Corporation ("ACC") is a foreign corporation with its principal place of business in California, and is the parent company for Ameriquest Mortgage Company and AMC Mortgage Services, Inc.

7.     Defendant Citi Residential Lending, Inc. ("Citi") is a foreign corporation with its principal place of business in California, and upon information and belief is currently servicing, or has otherwise obtained the loans of Estella Byrd, Holland Cox, III, Edward and Barbara Abrams, Kevin and Debbie Genry, Jesse and Annie Williams, Cecil Abernathy, Rena Jackson, Jamey and Kimberly Watkins, and Dorothy Holloway, and claims the right to receive payments thereunder and does business in this district.

## FACTS

### Applicable Truth in Lending Act Requirements

8.     Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

9.     Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the

3

"delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. Section 1635(a) requires that each borrower receive *two* (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1) (emphasis added). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f).

10.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

11.    A consumer may exercise the right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

12.    When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

13.    Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the

4

voiding of the security interest and return to the borrower of all money received from the borrower, the borrower may have an obligation to tender the loan proceeds to the creditor to the extent practicable or equitable.

14.     As to each of the Plaintiffs' loans, Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel. The form notices that were supplied to Plaintiffs were blank, unsigned, and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

15.     With respect to some of the Plaintiffs' loans, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

16.     Pursuant to TILA, 15 U.S.C. § 1635(b), Plaintiffs have retained a right to rescind their mortgage with respect to their loan with Ameriquest.

17.     Each of the Plaintiffs have exercised the right to cancel the transaction and has notified Ameriquest, and also Citi for some of the loans, of the election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, Ameriquest and/or Citi has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loans.

18.     Ameriquest and Citi are a "creditor" as that term is defined at 15 U.S.C. 1602(f).

<u>The Byrd Loan</u>

19.    Plaintiff Estella Byrd is an adult resident of Madison County, Alabama and at all material times resided at 910 Woodall Lane in Huntsville, Alabama.

20.    On or about March 25, 2005, Ms. Byrd obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $60,000 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Byrd Loan").

21.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

22.    With respect to the Byrd loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

23.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Byrd retained her right to cancel the transaction.

24.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

25.    By letter dated February 6, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the

6

originator and assignee of this mortgage loan, which notices have been received by each
Defendant.

26.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission
pursuant to 15 U.S.C. § 1641(c).

27.    Despite having received notice of Plaintiff's election to cancel the
transaction, Defendants have failed to take any steps necessary or appropriate to reflect
the termination of the security interest created in connection with Plaintiff's loan.  The
failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that
provision's clear edict stating that said security interest is void upon delivery of the notice
of the election to cancel.

28.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to
cancel, retained a security interest in the real estate used by Plaintiff as her principal
dwelling.

## COUNT ONE
## TILA Violations- Byrd

29.    Plaintiff realleges all the preceding allegations referenced as if set out here
in full.

30.    Plaintiff has properly and effectively cancelled and rescinded the Byrd
Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

31.    Defendants have violated TILA, with respect to the Byrd Loan, in at least
the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C.

§ 1635(b), including the steps necessary or appropriate to reflect

7

the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Estella Byrd respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Byrd Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

8

## The Abrams Loan

32.     Plaintiffs Edward and Barbara Abrams are adult residents of Shelby County, Alabama and at all material times resided at 1936 16th Street in Calera, Alabama.

33.     On or about April 22, 2005, Mr. and Mrs. Abrams obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $122,400 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Abrams Loan").

34.     Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan. The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated. At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

35.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Abrams retained their right to cancel the transaction.

36.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

37.     By letter dated February 14, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

38.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

39.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect

9

the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

40.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT TWO
### TILA Violations- Abrams

41.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

42.    Plaintiffs have properly and effectively cancelled and rescinded the Abrams Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

43.    Defendants have violated TILA, with respect to the Abrams Loan, in at least the following ways:

      (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

      (B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Edward and Barbara Abrams respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Abrams Loan, including a declaration that the Plaintiffs

are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under

the mortgage transaction is void, and an order requiring Ameriquest to

release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone,

including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to

Ameriquest, but in the alternative, if tender is required, a determination of

the amount of tender obligation in light of all of the Plaintiffs' claims, and

an order requiring Ameriquest to accept tender on reasonable terms and

over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Genry Loan**

44.    Plaintiffs Kevin and Debbie Genry are adult residents of Shelby County,

Alabama and at all material times resided at 125 Highway 253 in Montevallo, Alabama.

45.    On or about April 25, 2005, Mr. and Mrs. Genry obtained a residential real

estate mortgage loan with Ameriquest.  The total amount of the loan was $80,000 and

was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereafter

referred to as the "Genry Loan").

11

46.     Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan.  The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated.  At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

47.     As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Genry retained their right to cancel the transaction.

48.     On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

49.     By letter dated February 6, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

50.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

51.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

52.     Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT THREE
### TILA Violations- Genry

53.    Plaintiffs reallege all the preceding allegations referenced as if set out here
in full.

54.    Plaintiffs have properly and effectively cancelled and rescinded the Genry
Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

55.    Defendants have violated TILA, with respect to the Genry Loan, in at least
the following ways:

      (A)    By failing to take actions after rescission as required by 15 U.S.C.
§ 1635(b), including the steps necessary or appropriate to reflect
the termination of the security interest and returning all money
paid by Plaintiffs in connection with the loan; and

      (B)    By failing to give proper notice of Plaintiffs' right to cancel the
transaction.

WHEREFORE, Plaintiffs Kevin and Debbie Genry respectfully request that this
Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. §
1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Genry Loan, including a declaration that the Plaintiffs
are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under
the mortgage transaction is void, and an order requiring Ameriquest to
release such security interest;

E)     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Williams Loan**

56.     Plaintiffs Jesse and Annie Williams are adult residents of Jefferson County, Alabama and at all material times resided at 205 21st Street, SW in Birmingham, Alabama.

57.     On or about March 10, 2006, Mr. and Mrs. Williams obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $69,825 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Williams Loan").

58.     Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan. The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated. At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

59.     With respect to the Williams Loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice"

14

is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

60.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Williams retained their right to cancel the transaction.

61.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

62.    By letter dated January 1, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

63.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

64.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

65.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

15

## COUNT FOUR
### TILA Violations- Williams

66.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

67.    Plaintiffs have properly and effectively cancelled and rescinded the Williams Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

68.    Defendants have violated TILA, with respect to the Williams Loan, in at least the following ways:

      (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

      (B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Jesse and Annie Williams respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

    A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

    B)    Actual damages in an amount to be determined at trial;

    C)    Rescission of the Williams Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

    D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

16

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Abernathy Loan**

69.    Plaintiff Cecil Abernathy is an adult resident of Madison County, Alabama, and at all material times resided at 428 Summerview Drive in Madison, Alabama.

70.    On or about February 13, 2006, Mr. Abernathy obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $65,189 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Abernathy Loan").

71.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

72.    With respect to the Abernathy Loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice"

17

is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

73.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Abernathy retained his right to cancel the transaction.

74.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

75.    By letter dated February 6, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

76.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

77.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

78.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

## COUNT FIVE
### TILA Violations- Abernathy

79.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

80.    Plaintiff has properly and effectively cancelled and rescinded the Abernathy Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

81.    Defendants have violated TILA, with respect to the Abernathy Loan, in at least the following ways:

      (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

      (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Cecil Abernathy respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

    A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

    B)    Actual damages in an amount to be determined at trial;

    C)    Rescission of the Abernathy Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

    D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

19

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

## The Cox Loan

82.    Plaintiff Holland Cox, III, is an adult resident of Jefferson County, Alabama, and at all material times resided at 12 21st Street, NW in Birmingham, Alabama.

83.    On or about March 16, 2007, Mr. Cox obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $94,050 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Cox Loan").

84.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

85.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Cox retained his right to cancel the transaction.

86.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

87.    By letter dated February 11, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

88.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

89.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

90.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

## COUNT SIX
## TILA Violations- Cox

91.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

92.    Plaintiff has properly and effectively cancelled and rescinded the Cox Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

93.   Defendants have violated TILA, with respect to the Cox Loan, in at least the following ways:

(A)   By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)   By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Holland Cox, III, respectfully requests that this Court enter judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)   Statutory damages as provided in 15 U.S.C. § 1640(a);

B)   Actual damages in an amount to be determined at trial;

C)   Rescission of the Cox Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)   A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)   Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)   A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and

an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Jackson Loan**

94.    Plaintiff Rena Jackson is an adult resident of Lauderdale County, Alabama and at all material times resided at 503 Davis Avenue in Florence, Alabama.

95.    On or about November 30, 2005, Ms. Jackson obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $84,700 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereafter referred to as the "Jackson Loan").

96.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

97.    With respect to the Jackson loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

98.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Ms. Jackson retained her right to cancel the transaction.

23

99.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

100.    By letter dated February 28, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

101.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

102.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

103.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

### COUNT SEVEN
### TILA Violations- Jackson

104.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

105.    Plaintiff has properly and effectively cancelled and rescinded the Jackson Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

106.    Defendants have violated TILA, with respect to the Jackson Loan, in at least the following ways:

> (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

> (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Rena Jackson respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Jackson Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and

an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Watkins Loan**

107.    Plaintiffs Jamey and Kimberly Watkins are adult residents of Lawrence County, Alabama and at all material times resided at 140 County Road 547 in Trinity, Alabama.

108.    On or about November 21, 2005, Mr. and Mrs. Watkins obtained a residential real estate mortgage loan with Ameriquest. The total amount of the loan was $107,200 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereafter referred to as the "Watkins Loan").

109.    Ameriquest failed to provide the required notices of the Plaintiffs' right to cancel their loan. The form notices that were supplied to the Plaintiffs were blank, unsigned and not dated. At no point at or after closing were the Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

110.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. and Mrs. Watkins retained their right to cancel the transaction.

111.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

112.    By letter dated February 6, 2008, Plaintiffs, through their attorney, exercised the extended right to rescind the contract by sending notice by certified mail to

26

both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

113.    The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641(c).

114.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

115.    Ameriquest, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in the real estate used by Plaintiffs as their principal dwelling.

## COUNT EIGHT
### TILA Violations- Watkins

116.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

117.    Plaintiffs have properly and effectively cancelled and rescinded the Watkins Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

118.    Defendants have violated TILA, with respect to the Watkins Loan, in at least the following ways:

      (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect

the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

    (B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Jamey and Kimberly Watkins respectfully request that this Court enter judgment against Ameriquest and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Watkins Loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Trotter Loan**

119.    Plaintiff George Trotter is an adult resident of Jefferson County, Alabama, and at all material times resided at 5400 10th Avenue, South in Birmingham, Alabama.

120.    On or about March 16, 2006, Mr. Trotter obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $164,500 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Trotter Loan").

121.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

122.    With respect to the Trotter Loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

123.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mr. Trotter retained his right to cancel the transaction.

124.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by another entity.

29

125.     By letter dated February 19, 2008, Plaintiff, through his attorney, exercised the extended right to rescind the contract by sending notice by certified mail to the originator of this mortgage loan, which notice has been received by the Defendant.

126.     The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

127.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

128.     Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as his principal dwelling.

### COUNT NINE
### TILA Violations- Trotter

129.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

130.     Plaintiff has properly and effectively cancelled and rescinded the Trotter Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

131.     Defendants have violated TILA, with respect to the Trotter Loan, in at least the following ways:

      (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect

the termination of the security interest and returning all money
paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the
transaction.

WHEREFORE, Plaintiff George Trotter respectfully requests that this Court enter
judgment against Ameriquest and in his favor, and pursuant to 15 U.S.C. § 1640(a),
award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Trotter Loan, including a declaration that the Plaintiff is
not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under
the mortgage transaction is void, and an order requiring Ameriquest to
release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone,
including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to
Ameriquest, but in the alternative, if tender is required, a determination of
the amount of tender obligation in light of all of the Plaintiff's claims, and
an order requiring Ameriquest to accept tender on reasonable terms and
over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Holloway Loan**

132.    Plaintiff Dorothy Holloway is an adult resident of Madison County, Alabama and at all material times resided at 6416 Marsh Avenue in Huntsville, Alabama.

133.    On or about January 6, 2006, Mrs. Holloway obtained a residential real estate mortgage loan with Ameriquest.  The total amount of the loan was $91,000 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereafter referred to as the "Holloway Loan").

134.    Ameriquest failed to provide the required notices of the Plaintiff's right to cancel her loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

135.    With respect to the Holloway loan, Ameriquest included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

136.    As a result of Ameriquest's failure to provide the notices and disclosures required by TILA, Mrs. Holloway retained her right to cancel the transaction.

137.    On information and belief this mortgage loan was assigned to, or was otherwise obtained by Citi.

138.    By letter dated February 27, 2008, Plaintiff, through her attorney, exercised the extended right to rescind the contract by sending notice by certified mail to

both the originator and assignee of this mortgage loan, which notices have been received by each Defendant.

139.    The assignee of Plaintiff's mortgage is subject to Plaintiff's rescission pursuant to 15 U.S.C. § 1641(c).

140.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of Section 1635(b) of TILA and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

141.    Ameriquest, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in the real estate used by Plaintiff as her principal dwelling.

### COUNT TEN
### TILA Violations- Holloway

142.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

143.    Plaintiff has properly and effectively cancelled and rescinded the Holloway Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

144.    Defendants have violated TILA, with respect to the Holloway Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect

the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Dorothy Holloway respectfully requests that this Court enter judgment against Ameriquest and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Holloway Loan, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring Ameriquest to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to Ameriquest, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring Ameriquest to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

_____
WILLIAM H. ROBERTSON, V
ASB-9142-L74R

_____
C. LANCE GOULD
ASB-0913-G66C
Attorneys for Plaintiffs


*OF COUNSEL:*
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555


## JURY DEMAND

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY ON ALL ISSUES OF THIS
CAUSE.

_____
OF COUNSEL

35

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Ameriquest Mortgage Company
c/o National Registered Agents, Inc. of Alabama
150 South Perry Street
Montgomery, Alabama 36104

AMC Mortgage Services, Inc.
c/o National Registered Agents, Inc. of Alabama
150 South Perry Street
Montgomery, Alabama 36104

ACC Capital Holdings Corporation
c/o National Registered Agents, Inc. of Alabama
150 South Perry Street
Montgomery, Alabama 36104

Citi Residential Lending, Inc.
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104

FILED

2008 Apr-16  PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# 2

### BEFORE THE JUDICIAL PANEL

### ON MULTIDISTRICT LITIGATION

In re

AMERIQUEST MORTGAGE CO.
MORTGAGE LENDING PRACTICES
LITIGATION

MDL Docket No. 1715

## DEFENDANTS'[1] NOTICE OF RELATED ACTIONS

Defendants, through the undersigned counsel, hereby notify the Clerk of the Judicial

Panel on Multidistrict Litigation (the "Panel") of the pendency of the additional related actions

listed in the attached Schedule. These cases share common questions of fact with the cases

before the panel in Docket Number 1715 and are therefore related actions for the purposes of this

proceeding.

By way of background, on or about December 13, 2005, the Panel issued a Transfer

Order, pursuant to which it granted the motion to transfer pursuant to 28 U.S.C. § 1407 (the

"Motion") filed by plaintiffs in Cheryl Williams and Duvall Naughton v. Ameriquest Mortgage

Company, Case No. 05-CV-6189 (S.D. N.Y.) ("Williams"). The Panel ordered each identified

action in the Motion transferred to the United States District Court for the Northern District of

---

[1] "Defendants" collectively refers to Ameriquest Mortgage Company; AMC Mortgage Services, Inc.; Town & Country Credit Corporation; ACC Capital Holdings Corp.; Ameriquest Capital Corporation; Town & Country Title Services, Inc. and Ameriquest Mortgage Securities, Inc.

1

Illinois, The Honorable Marvin E. Aspen presiding (the "Transferee Court"), for pretrial

proceedings. In the Transfer Order, the Panel specifically held as follows:

> On the basis of the papers filed and hearing session held, the Panel
> finds that these five actions involve common questions of fact, and
> that centralization under Section 1407 in the Northern District of
> Illinois will serve the convenience of the parties and witnesses and
> promote the just and efficient conduct of this litigation. All five
> actions before the Panel concern allegedly predatory lending
> practices by Ameriquest Mortgage Co., or a related entity, in
> soliciting and closing residential mortgage transactions; among
> other things, plaintiffs allege that Ameriquest failed to disclose
> material terms and engaged in so-called bait-and-switch tactics.
> Centralization under Section 1407 is necessary in order to
> eliminate duplicative discovery; prevent inconsistent pretrial
> rulings, including those with respect to class certification; and
> conserve the resources of the parties. [pp. 1-2.]

Ameriquest opposed the Motion, and by this notice, reconfirms that it does not waive, but

rather expressly preserves (for all purposes, including any appeals), all arguments raised in

opposition to the Motion and all objections to the Transfer Order. These arguments and

objections include, without limitation, those based on Federal and State Constitutional grounds,

including but not limited to Due Process and Equal Protection under the law.

Nevertheless, pursuant to Rules 1.1, 7.4 and 7.5 of the Rules of Procedure of the Panel

(the "Rules") Defendants are compelled to identify the following actions as potential "Tag

Along" actions as such actions are defined by the Rules.

The "Tag Along" actions are detailed in the attached Schedule. Corresponding

complaints are also attached herewith in a folder labeled with the corresponding case name and

action number for your convenience.

Defendants are continuing to locate additional potential "Tag Along" actions and

anticipate further supplemental designations.

Respectfully submitted,

DATED: April 1, 2008

By: _____
    Bernard E. LeSage

*Attorneys for Defendants Ameriquest Mortgage
Company; AMC Mortgage Services, Inc.; Town &
Country Credit Corporation; ACC Capital
Holdings Corporation; Ameriquest Capital
Corporation; Town & Country Title Services, Inc.;
and Ameriquest Mortgage Securities, Inc.*

Bernard E. LeSage
Sarah K. Andrus
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

# SCHEDULE

| DISTRICT/DIV./CIVIL ACTION NO. | CASE NAME |
|---|---|
| **ALABAMA** | |
| United States District Court for the Northern District of Alabama, Case No. 08-CV-00511 | *Byrd, et al. v. Ameriquest Mortgage Company, et al.* |
| United States District Court for the Southern District of Alabama, Case No. 08-CV-00096 | *Cowart, et al. v. Ameriquest Mortgage Company* |
| United States District Court for the Middle District of Alabama, Case No. 08-CV-00205 | *Parker, et al. v. Ameriquest Mortgage Company, et al* |
| **CALIFORNIA** | |
| United States District Court for the Eastern District of California, Case No. 07-CV-02691 | *Willis v. Citi Residential Lending, et al.* |
| **ILLINOIS** | |
| United States Bankruptcy Court for the Southern District of Illinois, Case No. 08-ap-04023 | *Delaney, et al. v. AMC Mortgage Services, Inc., et al.* |
| United States District Court for the Northern District of Illinois, Case No. 08-CV-01386 | *Mejia, et al. v. Ameriquest Mortgage Company, et al.* |
| United States District Court for the Northern District of Illinois, Case No. 08-CV-00992 | *Tucker v. Argent Mortgage Company* |
| **MARYLAND** | |
| United States District Court of Maryland, Case No. 07-CV-00857 | *Oladokun v. Ameriquest Mortgage Company* |
| **MICHIGAN** | |
| United States District Court for the Eastern District of Michigan, Case No. 08-CV-10478 | *Whitsett, et al. v. Ameriquest Mortgage Co., et al.* |
| **MISSOURI** | |
| United States District Court for the Western District of Missouri, Case No. 08-CV-00181 | *Dennett, et al. v. Ameriquest Mortgage Compan, et al.* |
| United States District Court for the Western District of Missouri, Case No. 08-CV-00179 | *Jones v. Ameriquest Mortgage Company, et al.* |
| United States District Court for the Western District of Missouri, Case No. 08-CV-00182 | *Miller v. Ameriquest Mortgage Company* |
| United States District Court for the Western District of Missouri, Case No. 08-CV-00183 | *Potts, et al. v. Ameriquest Mortgage Company, et al.* |
| United States District Court for the Western District of Missouri, Case No. 08-CV-00184 | *Suppenbach, et al. v. Ameriquest Mortgage Company, et al.* |

| DISTRICT DIV/CIVIL ACTION NO. | CASE NAME |
|---|---|
| United States District Court for the Western District of Missouri, Case No. 08-CV-00180 | *Todd v. Ameriquest Mortgage Company, et al.* |
| United States District Court for the Western District of Missouri, Case No. 08-CV-00178 | *Waterworth, et al. v. Ameriquest Mortgage Company, et al.* |
| **OHIO** | |
| United States District Court for the Northern District of Ohio, Case No. 07-CV-03781 | *Meek, et al. v. Ameriquest Mortgage Corporation, et al.* |
| **PENNSYLVANIA** | |
| United States District Court for the Western District of Pennsylvania, Case No. 08-CV-00210 | *Lewark v. AMC Mortgage Services, et al.* |
| **TEXAS** | |
| United States Bankruptcy Court for the Western District of Texas, Case No. 08-ap-01008 | *Carter, et al. v. Ameriquest Mortgage Company, et al.* |